IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LEONARD L. PATRICK, SR.,**

        Plaintiffs,

v.

**INTERWEST PROPERTIES
and ROCIO GARCIA, Manager
for Regency TownHomes**,

        Defendants.

No. 3:13-cv-00646-MO

AMENDED
OPINION AND ORDER

**MOSMAN, J.**,

        Pro se Plaintiff Leonard L. Patrick, Sr., filed a complaint [2] on April 15, 2013, and an amended complaint [12] on May 31, 2013, alleging claims of housing discrimination and civil rights violations against Defendants InterWest Properties and Rocio Garcia. Defendants moved to dismiss [15] on June 28, 2013, on grounds of lack of subject matter jurisdiction, failure to state a claim, and running of the statutes of limitations. Mr. Patrick filed a response [20], and Defendants replied [23]. I conclude that this Court has jurisdiction over Mr. Patrick's claims, and that Mr. Patrick has stated a claim for relief under the Fair Housing Act ("FHA"). However, because I find that the statute of limitations under the FHA has run, I GRANT Defendants' Motion [15] without prejudice.

1 – OPINION AND ORDER

**FACTUAL ALLEGATIONS**

Mr. Patrick's amended complaint[1] alleges that InterWest Properties and Rocio Garcia, manager of Regency TownHomes, conspired to evict him and other African Americans from the property. (Am. Compl. [12] at 3, 4.) Mr. Patrick notes that, before InterWest Properties and Ms. Garcia took control of Regency TownHomes, the property housed between ten and fifteen African American families. *Id.* at 4. By some later time, that number had fallen to three or four. *Id.* at 3–4. Mr. Patrick alleges that the Defendants replaced these tenants, including him, with "people of their likeing [sic] and of their race." *Id.* at 4. He argues that this development shows a "practice and pattern of racial discrimination towards African Americans." *Id.* at 4.

On noticing the disproportionate eviction of African American tenants, Mr. Patrick approached the Fair Housing Council of Oregon and asked for help. *Id.* at 4. Afterward, "on or about" February 15, 2011, Defendants evicted him on the pretext that he had tampered with smoke detectors. *Id.* at 3, 4. He alleges that Defendants gave him no opportunity "to cure the matter or pay the outrageous non-compliance fee of $250." *Id.* at 4. In all of this conduct, Defendants were motivated by their desire to lease to as few African Americans as possible. *Id.*

**DISCUSSION**

Courts in the Ninth Circuit are to construe pro se litigants' filings liberally, and refrain from holding "missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell v. Frappiea*, --- F.3d ----, No. 10-16845, 2013 WL 4793184 at *2 (9th Cir. Sep. 10, 2013). Before a district court "may dismiss a pro se complaint for failure to state a claim, the court must provide the pro se litigant with notice of the deficiencies of his or her complaint and

---

[1] Mr. Patrick filed his amended complaint before either Defendant was served. His amendment therefore did not require leave of court. Fed. R. Civ. P. 15(a)(1)(A).

2 – OPINION AND ORDER

an opportunity to amend prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

## I.     Subject Matter Jurisdiction

Defendants argue that this Court lacks subject matter jurisdiction under both 28 U.S.C. §§ 1331 and 1332. (Mem. in Supp. [16] at 3–4.) The parties do not dispute that they are not diverse for jurisdictional purposes. (Am. Compl. [12] at 3; Reply [23] at 3.) Mr. Patrick's amended complaint must therefore set out a federal question to invoke this Court's jurisdiction.

Mr. Patrick does not specify the law giving rise to his claims against InterWest Properties and Ms. Garcia. In their motion to dismiss, Defendants guessed that his claims rest on 42 U.S.C. § 1983 ("section 1983") and the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3631. (Mem. in Supp. [16] at 3.) This probably follows from Mr. Patrick's broad allegations of housing discrimination and violations of his civil rights. (Am. Compl. [12] at 3.) Defendants argue somewhat conclusorily that Mr. Patrick has failed to plead any facts giving rise to a cause of action under FHA, section 1983, or any other federal statute. (Mem. in Supp. [16] at 3.)

A claim arising under federal law may be dismissed for lack of subject matter jurisdiction only where "the [federal] question presented is too insubstantial to consider." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court.'" *Id.* (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)). Otherwise, the proper Rule 12 motion is a motion to dismiss for failure to state a claim.

### A.     *Fair Housing Act Claim*

3 – OPINION AND ORDER

The Title VII framework for proving discrimination applies to FHA claims. *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997). A claim of housing discrimination under FHA may rest on a theory of disparate treatment or disparate impact. *Id.* at 304–05. To state a prima facie case of disparate impact, the plaintiff must show "'(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type" as a result. *Id.* (quoting *Pfaff v. U.S. Dep't of Housing and Urban Dev.*, 88 F.3d 739, 745 (9th Cir. 1996)). No showing of discriminatory intent is necessary. *Pfaff*, 88 F.3d at 745–46 & n.2.

Leaving aside whether Mr. Patrick's factual allegations are sufficient to state an FHA claim under Rule 12(b)(6), they are not so insubstantial as to preclude this Court from assuming jurisdiction. He alleges a practice that appears neutral on its face: the eviction of certain Regency TownHomes tenants. (Am. Compl. [12] 3–4.) He also alleges a disproportionate impact on people of a particular race: Defendants' evictions severely reduced the number of African American tenants in the property and replaced them with tenants of a different race. *Id.* Whatever the merits of Mr. Patrick's FHA claim, he has stated sufficient facts to give rise to a controversy over which this Court has jurisdiction.

### B.    *Section 1983*

A claim under 42 U.S.C. § 1983 has two elements: (1) a violation of a federal constitutional or statutory right that was (2) committed under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acts under color of state law if she "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (quoting *West*, 487 U.S. at 49.) Actions by private individuals are not undertaken

"under color of state law" unless "there is significant state involvement." *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983) (internal quotation omitted).

Mr. Patrick's amended complaint does not allege facts from which to infer state involvement. No basis exists to conclude that Defendants acted under color of state law. Section 1983 therefore does not furnish a basis for subject matter jurisdiction over Mr. Patrick's claim.

Because Mr. Patrick's amended complaint may be construed to allege an FHA claim that is substantial enough to give rise to a controversy, this Court has subject matter jurisdiction.

## II.     Failure To State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), its factual allegations must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.)

Defendants argue that the allegations in Mr. Patrick's amended complaint fail to state a claim under either FHA or section 1983. (Mem. in Supp. [16] at 6, 7.) I agree as to section 1983, but conclude that Mr. Patrick has adequately alleged an FHA claim.

### A.     *Fair Housing Act*

A provider of housing may not "make unavailable or deny[] a dwelling to any person because of race [or] color," 42 U.S.C. § 3604(a), nor "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race [or] color," § 3604(b). The interpreting regulations for both of these subsections state that a housing

provider may not engage in any conduct that "makes unavailable or denies dwellings" to a person on the basis of race.  24 C.F.R. §§ 100.50(b)(3), 100.70(b).

42 U.S.C. § 3604(a) and (b) prohibit discriminatory evictions.  *Bloch v. Frischholz*, 587 F.3d 771, 782 (7th Cir. 2009); *see also Housing Rights Center v. Snow*, No. 05-4644, 2007 WL 91148 at *2 (E.D. Cal. Jan. 3, 2007) (holding that the defendant's discriminatory eviction based on familial status violated section 3604(a) and (b)); *United States v. Keck*, No. 89-1664, 1990 WL 357064 at *4 (W.D. Wash. Nov. 15, 1990) (holding that efforts to evict a family based on familial status violate section 3604(b)).

The Title VII discrimination analysis applies to FHA claims.  *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999).  The plaintiff can establish a prima facie case by showing either disparate treatment or disparate impact.  *Id.* (citing *Gamble*, 104 F.3d at 304–05.)  Such a case requires facts giving rise to a reasonable inference that the defendant engaged in facially neutral practices that had a disproportionately adverse impact on a protected class.  *Budnick v. Town of Carefree*, 518 F.3d 1109, 1118 (9th Cir. 2008) (citing *Pfaff*, 88 F.3d at 746).

Here, Defendants argue that Mr. Patrick alleged only four specific facts, and that the rest of his amended complaint merely states legal conclusions.  (Reply [23] at 3.)  The specific facts that Mr. Patrick alleged are

- That he was evicted by defendants on February 15, 2011;
- That his eviction was "for cause" for tampering with smoke detectors;
- That "maybe 10 to 15 [African American] families lived in the Regency Townhomes before Interwest Properties and . . . Rocio Garcia became the new owners"; and
- That, at some point, there were "3 to 4 African American families left" at the Regency Townhomes.

*Id.* (alterations in original.)  Defendants assert without elaboration that these facts are "just not sufficient" to state a plausible claim for relief.  *Id.* at 3–4.

6 – OPINION AND ORDER

Even as Defendants have summarized them, Mr. Patrick's allegations state a claim of discriminatory eviction under 42 U.S.C. § 3604(a) and (b) on a disparate impact theory. He alleged that Defendants undertook a large number of evictions after taking over Regency TownHomes, and that, as a result, the proportion of African American tenants plummeted in favor of members of another race. (Am. Compl. [12] at 3–4.) Particularly given the special solicitude afforded pro se plaintiffs, this systematic exclusion of African American tenants is a sufficient allegation of disparate impact to support an FHA claim.

### B.   *Section 1983*

Section 1983 provides the plaintiff no remedy unless the defendant acted under color of state law. *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). Defendants here argue that Mr. Patrick did not allege that either InterWest Properties or Ms. Garcia acted under color of state law. (Mem. in Supp. [16] at 7; Reply [23] at 5.) Mr. Patrick does not respond to this contention. Because Mr. Patrick did not allege that Defendants acted under color of state law, his amended complaint fails to state a claim under section 1983.

### III.   Statute of Limitations

The statutory limitations period for an FHA claim is two years from "the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). Under the "continuing violation" doctrine, the statute of limitations does not bar an FHA claim as long as at least one of the acts in an alleged pattern or practice of discrimination occurred within two years of filing suit. *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 (9th Cir. 2009). The timely and untimely acts must invade the same right in order for the doctrine to apply. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 381 (1982)

(holding that a plaintiff bringing a "tester" claim could not rely on timely claims of racial steering because steering did not invade her right to truthful housing information).

A defendant may be estopped to assert the statute of limitations as a defense if it acted wrongfully to prevent the plaintiff from filing suit in a timely fashion. *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). In determining whether equitable estoppel applies, the court considers a number of factors, including but not limited to

> (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied.

*Santa Maria*, 202 F.3d at 1176 (citing *Naton v. Bank of Cal.*, 649 F.2d 691, 696 (9th Cir. 1981)). Even where the plaintiff knows or suspects that he has a cause of action, equitable estoppel applies if the defendant "deprived the plaintiff of a full understanding of the true facts." *Amaro*, 652 F.3d at 813.

Defendants argue that the limitations period has run for Mr. Patrick's FHA claim. They observe that he alleges that his eviction took place on February 15, 2011. (Mem. in Supp. [16] at 8.) Mr. Patrick filed the original complaint on April 15, 2013, and the amended complaint on May 31, 2013, each more than two years afterward. Defendants argue that his claims are therefore barred. *Id.*

Mr. Patrick responds by arguing that the continuing violations doctrine applies. (Resp. [21] at 15.) However, as Defendants observe in their reply, Mr. Patrick acknowledges that all of the conduct he has alleged to support his claims occurred more than two years ago. (*Id.*; Reply [23] at 5.) Confusingly, elsewhere in his response, Mr. Patrick claims that the last eviction from Regency TownHomes of an African American tenant took place "in late summer of 2011," less

8 – OPINION AND ORDER

than two years before he filed suit. (Resp. [21] at 12.) This fact is not alleged in the original or the amended complaint. Even if it were, Defendant's evictions of other African American tenants do not injure Mr. Patrick's rights under 42 U.S.C. § 3604(a) and (b). The continuing violation doctrine is therefore unavailing.

Mr. Patrick's response can be construed also to argue for equitable estoppel. Mr. Patrick claims that, in February of 2011, Defendants warned him that if he tried to join with other tenants to challenge their evictions "he would find it hard to obtain good housing" in the future. (Resp. [21] at 12.) Because of this threat, Mr. Patrick delayed filing a claim in fear that Defendants would sabotage his attempts to find housing. *Id.* Mr. Patrick asserts that Defendants later "provided him with reassurances that their practices would be reviewed." *Id.* This representation also caused Mr. Patrick to delay filing suit. *Id.* Whether these facts are sufficient to estop Defendants to assert the statute of limitations is academic, however, because Mr. Patrick did not allege them in his complaint. His claims against Defendants for discriminatory eviction under FHA are barred.

## CONCLUSION

Because I conclude that Mr. Patrick has failed to state a claim under section 1983 and the statute of limitations has run on his FHA claim, Defendants' Motion to Dismiss [15] is GRANTED. Mr. Patrick shall have leave to amend his complaint in order to include facts supporting an inference that InterWest Properties and/or Ms. Garcia wrongfully prevented him

from filing his FHA claim within the limitations period, and to state any other claims he may have that remain timely.

    IT IS SO ORDERED.

    DATED this   7th   day of November, 2013.

    /s/ Michael W. Mosman
    MICHAEL W. MOSMAN
    United States District Judge